UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL ACTION

MITCHELL LEON FARKAS                                NUMBER 01-91-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 5, 2007.

                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL ACTION

MITCHELL LEON FARKAS                            NUMBER 01-91-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  Record document number 122.  The United States filed an opposition.[1]

Petitioner was found guilty of one count possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) in the United States District Court for the Middle District of Louisiana.  Petitioner was sentenced to serve a 293 month term of imprisonment in the custody of the United States Bureau of Prisons, followed by a five year term of supervised release.  Judgment was imposed on April 15, 2004.  Petitioner's conviction and sentence were affirmed on appeal. *United States of America v. Mitchell Leon Farkas*, 03-31119 (5th Cir. 2005).  Petitioner sought review in the

---

[1] Record document number 125.  Petitioner filed a reply to the opposition, which included his affidavit.  Record document number 126.

1

United States Supreme Court. On October 3, 2005, the United States Supreme Court denied review. *Mitchell Leon Farkas v. United States*, 546 U.S. 925, 126 S.Ct. 317 (2005).

Petitioner signed his § 2255 motion on July 17, 2007, indicated that it was delivered to prison officials to file on July 18, 2007, and it was filed on July 23, 2007. Petitioner asserted a single ground for relief: ineffective assistance of counsel.

No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

Under § 2255, as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody under sentence of a court established by Act of Congress has a one year period within which to file a motion to vacate, set aside or correct the sentence. The limitation period would normally run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2255(1).

From the date the petitioner's conviction became final[2] on

---

[2] A conviction is final when a judgment of conviction has been rendered, the availability of appeal has exhausted, and the time for a petition for certiorari has elapsed or a petition for certiorari is finally denied. *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 712 n. 6 (1987).

October 3, 2005, until July 18, 2007, the date petitioner delivered his § 2255 to prison officials to file, more than one year of the limitations period elapsed.  Petitioner's habeas corpus application was not timely filed.

Petitioner argued that because he did not have access to his legal materials he is entitled to equitable tolling.

The one-year limitations period for filing a § 2255 motion is not jurisdictional and may be equitably tolled.  *United States v. Wynn*, 292 F.3d 226, 229-30 (5th Cir. 2002).  Such tolling applies only in rare and exceptional circumstances.  *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).  Petitioner bears the burden of proof concerning equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).  The doctrine of equitable tolling is not applied where a petitioner has failed to pursue habeas relief diligently.  *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner provided the following chronology and assertions: on April 12, 2006, he was transferred from FCI El-Reno, Oklahoma to Alabama for proceedings on unrelated criminal charges; an unidentified deputy United States Marshal told him that he could not take any legal materials unrelated to the criminal proceedings

pending in Alabama; on December 6, 2006, he was transferred back to El-Reno, Oklahoma; there he was confined in a Special Housing Unit (SHU) and did not have access to his legal materials; on January 10, 2007, he was ordered to pack his belongings for a transfer to Coleman, Florida; he arrived at Coleman USP on February 6, 2007; he received his legal materials on February 18, 2007; between June 8 and June 18, 2007, and June 25 and July 9, 2007, the prison was on lockdown status.

A review of the record showed that over six months of the limitations period elapsed prior to the petitioner's transfer to Alabama on April 12, 2006.  Petitioner has not shown that his transfers between prisons or the two short-term lockdowns at Coleman USP were either rare or exceptional.  Nor has he shown that being  denied access to his legal materials while in transit or during a lockdown is either rare or exceptional.  Petitioner did not allege, nor is there any evidence in the record, that he formally requested access to his legal materials after being transferred to Alabama.  There is no evidence that after the petitioner returned to Oklahoma, he took any steps to obtain his legal materials from prison authorities.  Petitioner failed to demonstrate diligence in obtaining the legal materials he claims to

4

have needed to prepare his § 2255 motion.  Equitable tolling is not warranted in the circumstances of this case.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's Motion to Vacate, Set Aside, or Correct Sentence be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2255.

Baton Rouge, Louisiana, October 5, 2007.

```
                          STEPHEN C. RIEDLINGER
                          UNITED STATES MAGISTRATE JUDGE
```